RALPH J. MARRA, JR.
Acting United States Attorney
BY: ROBERT G. MARASCO
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 645-7000

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable SUSAN D. WIGENTON |
| *Plaintiff,* | : | Criminal No. 09-338 |
| v. | : | **CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE** |
| SCOTT ALEXANDER FRANTZ | : | |
| *Defendant.* | : | |

**WHEREAS**, on August 21, 2008, the United States filed an Indictment in the United States District Court for the Eastern District of North Carolina, Criminal No. 08-238, against Scott Alexander Frantz, charging him with a violation of Title 18, United States Code, Section 2251; and

**WHEREAS**, on May 6, 2009, the defendant, Scott Alexander Frantz, consented to the transfer of his case for plea and sentence to the United States District Court, District of New Jersey, Criminal no. 09-338; and

**WHEREAS**, on June 2, 2009, the defendant, Scott Alexander Frantz, pled guilty to Count 1 of the Indictment; and

**WHEREAS**, pursuant to Title 18, United States Code, Section 2253, the Court in imposing sentence on a person convicted of an offense in violation of Title 18, United States Code, Section 2251 shall order that person to forfeit to the United States any property, real or

personal, used or intended to be used to commit or to promote the commission of such offense, or any property traceable to such property; and

**WHEREAS,** by virtue of the above, the United States is now entitled to possession of:

1) Gateway 2000, GP6-233 computer, Serial Number: 0008583355;

2) Western Digital hard drive, Serial Number: WM3070099600;

3) Western Digital hard drive, Serial Number: WMA6K1031774;

4) Maxtor hard drive, Serial Number: S2071TCS;

5) A generic computer with a blue cover recovered from the crime scene;

6) All visual depictions that were produced, transported, mailed, shipped or received in violation of the law including, without limitations, seized computer media; and

7) The above listed property that was used or intended to be used to commit or to promote the commission of the offense charged in the indictment (hereinafter "the property"); and

**WHEREAS,** Defendant, Scott Alexander Frantz acknowledges that the Property represents property used or intended to be used to commit or to promote the commission of such offense, or any property traceable to such property violation of Title 18, United States Code, Section 2251, as set forth in the Information, and that the Property is therefore subject to forfeiture to the United States pursuant to Title 18 United States Code, Section 2253. The defendant, Scott Alexander Frantz waives all interests in and claims to the Property described above, and hereby consents to the forfeiture of the Property to the United States. The Defendant, Scott Alexander Frantz , agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of

2

the Property. The Defendant, Scott Alexander Frantz, waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment. The Defendant, Scott Alexander Frantz, acknowledges that he understands that forfeiture of the Property will be part of the sentence imposed upon the Defendant in this case and waives any failure by the Court to advise Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing. Pursuant to Rule 32.2(b)(3), The Defendant, Scott Alexander Frantz, will promptly consent to the finalization of the order of forfeiture before sentencing if requested by the Government to do so. The Defendant, Scott Alexander Frantz, hereby waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Property described above. Defendant waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this consent judgment.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

**THAT** the herein described assets, namely

1) Gateway 2000, GP6-233 computer, Serial Number: 0008583355;

2) Western Digital hard drive, Serial Number: WM3070099600;

3) Western Digital hard drive, Serial Number: WMA6K1031774;

4) Maxtor hard drive, Serial Number: S2071TCS;

5) A generic computer with a blue cover recovered from the crime scene;

3

6) All visual depictions that were produced, transported, mailed, shipped or received in violation of the law including, without limitations, seized computer media are hereby forfeited to the United States of America pursuant to the provisions of Title 18 United States Code, Section 2253; and

**THAT** pursuant to Title 21, United States Code, Section 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days; and

**THAT** pursuant to Title 21, United States Code, Section 853(n)(2), any person, other than the Defendant, asserting a legal interest in any of the above-listed forfeited property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property.

**THAT** pursuant to Title 21, United States Code, Section 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT** the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

4

THAT the aforementioned forfeited property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States; and

THAT upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n), as incorporated by Title 18, United States Code, Section 2253(b) in which all interests will be addressed.

**ORDERED** this 21ST day of August 2009

Honorable Susan D. Wigenton
United States District Judge

The Undersigned hereby
consent to the entry and
form of this order:

RALPH J. MARRA, JR.
Acting United States Attorney

By: ROBERT G. MARASCO
Assistant United States Attorney

Dated: 8/13/09

LOMURRO, DAVISON, EASTMAN
& MUNOZ, P.A.

ROBERT S. BONNEY, JR., ESQ.
Attorney for Defendant
Scott Alexander Frantz

Dated: 8/14/09

5